UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-25650-PCH

GABRIEL BINZHA MONTERO,

Plaintiff,

v.

WARDEN OF THE MIAMI FEDERAL
DETENTION CENTER, et al.,

Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon Petitioner Gabriel Binzha Montero's Petition for Writ of Habeas Corpus and Request for Order to Show Cause ("Petition") [ECF No. 1], filed on December 2, 2025. Petitioner challenges his detention at Miami Federal Detention Center ("FDC Miami")[1] without being afforded an individualized bond determination. (*See generally id.*). On January 26, 2026, the Court issued an order requiring Respondents to file a memorandum of fact and law to show cause why the Petition should not be granted [ECF No. 12]. Respondents filed a Response to Order to Show Cause [ECF No. 13] on February 11, 2026. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is granted in part.

**I.     BACKGROUND**

Petitioner is a Mexican citizen who has allegedly resided in the United States since approximately July 1999. (Pet. ¶¶ 14, 41). Petitioner entered the United States without

---

[1] Petitioner was transferred to Krome North Service Processing Center ("Krome") on December 8, 2025, after filing his Petition. (*See* Ex. G, Detention History [ECF No. 13-7]).

inspection. (*Id.* ¶ 43). Petitioner has a pending renewal of his Deferred Action for Childhood Arrivals ("DACA"). (*Id.* ¶ 44). Petitioner also has significant family ties to the United States, including his DACA-recipient wife, four U.S. citizen children, and a brother who is a lawful permanent resident. (*Id.*).

Petitioner has been arrested a few times since being the United States: (1) in 2005, Petitioner was arrested and had adjudication withheld for Providing a False Name to a Law Enforcement Officer and Operating a Motor Vehicle without a Valid License, (2) in 2006, Petitioner was found guilty of Operating a Motor Vehicle without a Valid License, and (3) in 2007, Petitioner was found guilty of Possession of Drug Paraphernalia, Providing a False Name to Law Enforcement, Carrying a Concealed Weapon, and a Probation Violation. (Resp 3; *see also* Ex. B, Form I-213, Record of Deportable Inadmissible Alien [ECF No. 13-2]).

On September 23, 2025, Petitioner was arrested during a traffic stop near Lakeland, Florida. (Resp. 2; *see also* Ex. B). On the day of Petitioner's arrest, ICE issued a Notice to Appear ("NTA") charging Petitioner with removability pursuant to sections 212(a)(6)(A)(i), 212(a)(7)(A)(i)(I), and 212(a)(7)(B)(i)(II) of the Immigration and Nationality Act ("INA"). (Resp. 2; *see also* Ex. A, NTA [ECF No. 13-1]). That same day, Immigration and Customs Enforcement ("ICE") issued a Notice of Custody Determination. (Resp. 2; *see also* Ex. C, Form I-286, Notice of Custody Determination [ECF No. 13-3]). Enforcement and Removal Operations ("ERO") subsequently canceled the Notice of Custody Determination as improvidently issued, insofar Petitioner is an applicant for admission and is not subject to detention under section 236(a) of the INA. (Resp. 2–3; *see also* Ex. D, Form I-286, Notice of Custody Determination Cancelation [ECF No. 13-4]). On December 9, 2025, Petitioner was served a Warrant for Arrest.

2

(Resp. at 3; *see also* Ex. E, Form I-200, Warrant for Arrest of Alien [ECF No. 13-5]). To date, Petitioner has not filed a request for custody redetermination with the Immigration Court. (Resp. 3; *see also* Ex. F, Deportation Officer Declaration, ¶ 12 [ECF No. 13-6]).

Petitioner was transferred to FDC Miami on September 26, 2025, pending the conclusion of his removal proceedings. (Ex. G, Detention History [ECF No. 13-7]). On December 8, 2025, Petitioner was transferred to Krome North Service Processing Center ("Krome"), where he is presently detained. (*Id.*). Petitioner has been detained without a bond hearing. (Resp. 3). Petitioner is next scheduled for Immigration Court on March 12, 2026. (*Id.*; *see also* Ex. H, Notice of Hearing in Removal Proceedings [ECF No. 13-8]).

Petitioner raises three claims in his Petition. In Count I, Petitioner alleges that the Government's determination that the mandatory detention provisions at 8 U.S.C. § 1225(b)(2) apply to noncitizens who, like Petitioner, previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceeding violates the INA. (Pet. ¶¶ 48–50). In Count II, Petitioner alleges that his continued detention without a bond hearing—based on the Government's determination that he is subject to mandatory detention—contravenes the INA. (*Id.* ¶¶ 51–54). In Count III, Petitioner asserts that his detention without a bond hearing violates his right to due process. (*Id.* ¶¶ 55–59). Petitioner seeks an order: granting a writ of habeas corpus and directing Respondents to release him, or at a minimum, conduct a custody determination hearing under 8 U.S.C. § 1226(a); enjoining Respondents from transferring him outside this District; and declaring that Petitioner's detention is unlawful. (*Id.* 13–14).

Respondents contend that Petitioner's detention is lawful under 8 U.S.C. § 1225(b), Petitioner failed to exhaust his administrative remedies, noncitizens who are detained under 8 U.S.C. § 1225(b) may only be released from detention on an 8 U.S.C. § 1182(d)(5) parole, and Petitioner's claims are barred by 8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(b)(9). (Resp. 5–17).

## II.     DISCUSSION

The Court begins by addressing Respondent's arguments that Petitioner's claims are barred by 8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(b)(9). The Court then addresses the issue of exhaustion. Finally, the Court turns to Petitioner's claims regarding his continued detention without a bond hearing.

*8 U.S.C. § 1252(g).*  Respondents argue that section 8 U.S.C. § 1252(g) bars review of Petitioner's claims. (Resp. 12–14). Respondent's position is not supported by either a plain reading of the statute or the applicable case law. Section 1252 provides that courts do not have jurisdiction to "hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" 8 U.S.C. § 1252(g). However, "[section] 1252(g) is not to be construed broadly as a 'zipper' clause applying to the full universe of deportation-related claims, but instead as applying narrowly to only the three 'discrete' governmental actions enumerated in that subsection." *Wallace v. Sec'y, U.S. Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).

This Court, like many other courts in this and other districts, concludes that a challenge to the legality of a noncitizen's detention does not fall under the ambit of any of the three covered actions in 8 U.S.C. § 1252(g). *See, e.g.*, *Merino v. Ripa*, 2025 WL 2941609, at *3 (S.D. Fla. Oct.

4

15, 2025) ("Petitioner is not challenging Respondents' decision to execute a removal order, nor is Petitioner challenging Respondents' decisions to commence or adjudicate his removal proceedings. Instead, Petitioner is challenging his ongoing detention, which is not a claim barred by § 1252(g)."); *Boffill v. Field Off. Dir.*, 2025 WL 3246868, at *3 (S.D. Fla. Nov. 20, 2025) ("Petitioner's claim does not implicate the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. Rather, Petitioner challenges the legality of his detention. Such claim is reviewable.") Accordingly, section 1252(g) does not prevent this Court from exercising jurisdiction over the Petition.

*8 U.S.C. § 1252(b)(9)*.  Respondents also contend that section 1252(b)(9) bars this Court's review of Petitioner's claims. (Resp. 14–17). Under section 1252(b)(9), the Courts of Appeals are the exclusive forum for judicial review "of all questions of law . . . including interpretation and application of constitutional and statutory provisions, arising from any action taken . . . to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). Respondents argue that Petitioner's challenge to the decision and action to detain him "arises from [the Department of Homeland Security's] decision to commence removal proceedings, and is thus an 'action taken to remove [him] from the United States.'" (Resp. 16 (quoting 8 U.S.C. § 1252(b)(9); alterations adopted). The Court does not agree.

Section 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (quotation marks omitted; alterations adopted). This Court, like many other courts in this and other districts, concludes that a challenge to the legality of a noncitizen's

5

detention does not seek review of an order of removal, the decision to seek removal, or the process by which removability will be determined. *See, e.g.*, *Boffill*, 2025 WL 3246868, at *4 ("Petitioner is challenging his mandatory detention under section 1225(b), and his entitlement to a bond hearing. For these reasons, the Court concludes that section 1252(b)(9) does not divest the Court of jurisdiction to consider the Petition."); *Gonzalez v. Noem*, 2025 WL 4053421, at *3 (S.D. Fla. Dec. 23, 2025), *report and recommendation adopted*, 2026 WL 115211 (S.D. Fla. Jan. 15, 2026) (finding that section 1252(b)(9) does not divest Court of its jurisdiction to consider petition challenging mandatory detention under section 1225(b) and entitlement to bond hearing). Accordingly, the Court is satisfied that jurisdiction exists to hear the Petition.

***Exhaustion.***  Respondents contend that Petitioner has not exhausted all available administrative remedies because Petitioner has not yet requested a bond hearing from an immigration judge. (Resp. 11–12). In *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025), Chief District Judge Cecilia M. Altonaga of this court previously held that *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), renders the result of the custody redetermination of an individual such as Petitioner "nearly a foregone conclusion[,]" and therefore relieves Petitioner of any exhaustion requirements. *Puga*, 2025 WL 2938369, at *2. The Court agrees with Judge Altonaga's analysis in *Puga*. Respondents having supplied no reason to depart from *Puga*'s reasoning, the Court finds that Petitioner is not required to file a request for a custody redetermination with the Immigration Court.

***Violation of the INA (Counts I and II).***  Whether Respondents have violated the INA turns on which of its provisions, section 1225(b) or section 1226(a), governs Petitioner's

detention. Petitioner asserts that because he was residing in the United States at the time of his detention, his detention is governed by 1226(a), not section 1225(b). (Pet. ¶ 49). Respondents contend that because Petitioner has not been deemed eligible for admission or parole into the United States, he is an "applicant for admission" as defined in section 1225(a)(1), and subject to mandatory detention under section 1225(b). (Resp. 7–9).

Like their exhaustion arguments, in *Puga*, Judge Altonaga rejected the arguments Respondents make here. *See generally Puga*, 2025 WL 2938369. Once again, the Court agrees with Judge Altonaga's analysis in *Puga* and adopts that reasoning here. Respondents do not persuade that Judge Altonaga's prior conclusion was in error or that the facts of this case merit a different outcome. Consequently, as in *Puga*, the Court concludes that section 1226(a)—not section 1225(b)—governs Petitioner's detention.[2] *See id.* at *4–5. Petitioner is entitled to an individualized bond hearing as a detainee under section 1226(a).[3]

---

[2] This holding is not unanimous. Although the minority view, some courts, including at least one court in this District, have agreed with Respondents and determined that noncitizens who entered the United States without inspection years ago are subject to mandatory detention under 28 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (holding that noncitizen petitioners in removal proceedings were subject to mandatory detention under 28 U.S.C. § 1225(b)(2) because they were present in the United States without being admitted or paroled, despite having entered illegally many years ago); *Morales v. Noem*, 2026 WL 236307, at *7–8 (S.D. Fla. Jan. 29, 2026) (concluding that habeas petitioner who entered the United States without inspection in 2004 is an "applicant for admission" governed by 8 U.S.C. § 1225(b) and rejecting petitioner's argument that the government must grant a bond hearing under 8 U.S.C. § 1226).

[3] Because the Court finds that section 1226(a) governs Petitioner's detention, it does not reach Respondents' contentions that noncitizens subject to detention under section 1225(b) may only be released from detention on 8 U.S.C. § 1182(d)(5) parole. (Resp. 10–11).

The Court likewise declines to reach the merits of Count III, a Fifth Amendment due process claim, as the Court grants the relief Petitioner seeks in Counts I and II. (*See* Pet. ¶¶ 55–59); *see, e.g.*, *Puga*, 2025 WL 2938396, at *6 (citing *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025)). Should Respondents fail to comply with this Order by providing Petitioner a bond hearing, Petitioner may renew his due process claim. And because Count III is an unripe claim contingent on Petitioner not receiving a custody determination hearing under 8 U.S.C. § 1226(a), the Court must dismiss it without prejudice." *Babilla v. Allstate Ins. Co.*, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985))).

### III.     CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner, Gabriel Binzha Montero's Petition for Writ of Habeas Corpus and Request for Order to Show Cause ("Petition") **[ECF No. 1]** is **GRANTED in part.** Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. section 1226(a) or otherwise release Petitioner.

2. Count III is **DISMISSED without prejudice.**

**DONE AND ORDERED** in Miami, Florida this 18th day of February, 2026.

_____
**PAUL C. HUCK**
**UNITED STATES DISTRICT JUDGE**

cc:  All Counsel of record